UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHAD FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:20-CV-2419 |
| | ) | |
| CITY OF TIPTON, MAYOR | ) | |
| TOM DOLEZAL, and FIRE | ) | |
| CHIEF JOE BITNER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**Demand for Jury Trial**

COMES NOW, Plaintiff, Chad Frazier, through his attorneys, Rachel J. Guin and

Phillip W. Smith II, for his Complaint against Defendants, City of Tipton, Mayor Tom

Dolezal, and Fire Chief Joe Bitner, and states as follows:

### I. PARTIES

1.      Chad Frazier ("Frazier") is a resident of the City of Tipton, in Tipton County,

Indiana.

2.      Defendant, City of Tipton ("The City"), is a municipal corporation located in

Tipton County, Indiana.

3.      Defendant, Mayor Tom Dolezal ("Dolezal"), is a government official who was

acting as an employer and within the scope of his employment as an employee of The City at all

times relevant to this Complaint.

4.      Defendant, Chief of Tipton Fire Department Joe Bitner ("Bitner"), is a government official who was acting as an employer and within the scope of his employment as an employee of The City at all times relevant to this Complaint.

## II. INTRODUCTION[1]

5.      Frazier is an employee as defined by 29 U.S.C. §203(e) and I.C. 22-2-2-3.

6.      The Defendants, collectively, are employers as defined by 29 U.S.C. §203(d).

7.      The City is an employer as defined by I.C. 22-2-2-3.

8.      The Defendants collectively have violated the Fair Labor Standards Act ("FLSA") for failing to pay Frazier time-and-a-half for all hours worked over 40 hours in a given work week, as outlined in 29 U.S.C. §207.

9.      Frazier asserts that the Defendants collectively have violated the Fair Labor Standards Act ("FLSA") for failing to pay Frazier minimum wage for hours worked as outlined in 29 U.S.C. §206.

10.     The Defendants collectively violated the FLSA when they retaliated against Frazier in violation of 29 U.S.C. §215(3).

11.     The City violated the I.C. 22-4-5-2 when it failed to pay Frazier for his earned vacation pay.

12.     Frazier seeks declaratory, injunctive, compensatory, economic and other relief against Defendants to redress violations of Frazier's statutory rights.

---

[1] Frazier filed a Tort Claim pursuant to the Indiana Tort Claims Act for defamatory statements made by Bitner and Dolezal who were acting within the scope of their employment with The City thereby making The City liable for their actions under the legal theory of *respondeat superior*. Frazier's Complaint will be amended accordingly once the requisite statutory time frame of ninety days has passed.

### III. JURISDICTION

13.     This cause represents federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. §1331.

14.     This Court has supplemental jurisdiction over all other claims that are so related to claims in the action within the aforementioned original jurisdiction pursuant to 28 U.S.C. §1367.

15.     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 as the Defendants collectively are domiciled in Tipton County which is located in the Southern District of Indiana, Indianapolis Division.  In addition, all events or omissions giving rise to these claims occurred in this judicial district.

### IV. FACTS

16.     Frazier began working for The City over twenty years ago.  Throughout his employment, Frazier was a model employee, receiving regular promotions and raises.

17.     Frazier and other employees of the Fire Department regularly worked over forty (40) hours per week. The City had a policy of paying employees half of their regular wages for any hours worked over forty hours.  When employees ask about their overtime, they are told that it is just how things are done.

18.     Regularly, Frazier is given additional job duties, including grant writing, educating the community about fire safety, and most recently, inspecting properties within The City to determine whether they are in compliance with fire safety regulations. In lieu of earning a regular wage, The City has given Frazier a stipend to compensate him for the additional work.  However, this is an unlawful use of a stipend as the work qualifies for wages.  The stipend does not compensate Frazier at or above minimum wage.

19.     As a firefighter working for The City, Frazier has often been required to be on call.  When Frazier responds to a call on his off hours, The City either does not consistently pay him, or only pays him at half of his regular rate.

20.     Frazier and other employees have asked about their unpaid wages and other pay discrepancies without a satisfactory resolution of the issues.

21.     In late June 2020 a co-worker approached Frazier and notified him that a Complaint had been filed by the Department of Labor ("DOL") regarding the non-payment of overtime.

22.     On or about June 28, 2020, Frazier and a co-worker went to Bitner to notify him that a Complaint had been filed with the DOL.

23.     On or about June 30, 2020, a celebration was planned for Frazier's twenty year anniversary.  Traditionally, all of the elected officials, including the Mayor, Treasuer and their staff participate in anniversary celebrations.  None came to Frazier's celebration.

24.     On or about August 3, 2020, Frazier and the same co-worker who accompanied him on June 28, 2020, were called into Bitner's officer.  Bitner stated that The City's attorney would not allow Bitner to reprimand them for making the report to the DOL.  Instead, both employees were presented with a Disciplinary Action Report ("Report").  The Report noted that Frazier was being disciplined for "1) Violation of policy set forth in the City Handbook; 2) Conduct unbecoming an Officer; 3) Immoral Conduct."  As stated by Bitner, all of these "violations" were related to the belief that Frazier had contacted the DOL.  The report also stated that this was his first "offense," but any other "offenses" would be just cause for immediate termination.

Bitner made clear to Frazier that the Mayor was very angry about the report and was influencing the decision to implement the discipline. Frazier's co-worker informed Bitner that local police officers made him aware of defamatory statements Bitner made about Frazier and the co-worker. Bitner did not respond to the accusation.

25.     For the next several weeks Frazier became increasingly aware that his friends, neighbors and co-workers were ostracizing him.

26.     On or about August 11, 2020, Bitner again called Frazier and his co-worker into Bitner's office. Bitner asked the two if they wanted their write-up to be reduced to a verbal warning. Both men indicated that they did not think any form of reprimand was appropriate.

27.     On or about August 27, 2020, Frazier located a document signed by Bitner on his bunk that stated "The labor lawyer for the City of Tipton has advised me that due to a technicality, I should remove the verbal reprimand from your file. As such, it has been removed."

28.     During the Investigation, the DOL determined that employees of the Fire Department, including Bitner, were in fact owed overtime wages. By information and belief, The City was notified of this unlawful activity at least one month prior to the filing of this Complaint. However, they have continued to deny firefighters their overtime pay.

29.     Also, during this process, Frazier has been singled out and ostracized at work and in his community. The City of Tipton is a small community of approximately of 5,000 residents. Frazier's neighbors have stopped speaking to him.

## V. LEGAL CLAIMS

### Count I -- Failure to Pay Overtime Wages

30.     Frazier incorporates paragraphs 1 through 29 by reference herein.

31.     Frazier has regularly worked overtime for The City for the three years preceding this Complaint.

32.     As an employee of The City, Frazier has not received time-and-a-half for hours worked over forty hours in a regular work week.

33. The City has knowingly violated the FLSA's overtime requirements as defined in 29 U.S.C. § 207.

31.     Defendants' ongoing violation was, and continues to be, in bad faith.  To support this assertion Frazier points to The City's disregard for employees repeated requests for an explanation of the non-payment of overtime; The City's (through Defendants Bitner and Dolezal) retaliatory behavior when the DOL was contacted; and The City's ongoing disregard for the FLSA's overtime requirements.

32.     All Defendants in this case qualify as "employers" for purposes of the FLSA 29 U.S.C. §203(d).

33.     Frazier seeks injunctive relief requiring the Defendants, collectively, to pay overtime in compliance with the FLSA.

34.     Frazier is entitled to his unpaid overtime for the three years prior to the filing of this Complaint, liquidated damages, pre-judgment interest and reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

### Count II -- Failure to Pay Minimum Wage

35.     Frazier incorporates paragraphs 1 through 29 by reference herein.

36.      Frazier has worked in varying capacities for The City over the past three years and has not been paid minimum wage for his additional job duties.

37.      The City has knowingly violated the FLSA's minimum wage requirements as defined in 29 U.S.C. § 206.

38.      Defendants continue to deny employees, including Frazier, payment for all hours worked. Defendants have proven that they have no regard for the applicable laws and will retaliate against any employee who takes corrective action. Defendants' ongoing violation was, and continues to be, in bad faith.

39.      All Defendants in this case qualify as "employers" for purposes of the FLSA 29 U.S.C. §203(d).

40.      Frazier seeks injunctive relief requiring the Defendants, collectively, to pay minimum wage in compliance with the FLSA.

41.      Frazier is entitled to his unpaid wages for the previous three years, liquidated damages, pre-judgment interest and reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

### Count III – Retaliation in Violation of the FLSA

42.      Frazier incorporates paragraphs 1 through 29 by reference herein.

43.      Frazier engaged in the protected activity of discussing The City's violations of the FLSA with Bitner.

44.      Bitner and Dolezal retaliated against Frazier by issuing the Report and making it clear that they want to fire him.

45.      Bitner and Dolezal have disparaged Frazier to co-workers and members of the community because of the mistaken belief he contacted the DOL.

46.     Bitner and Dolezal are final policymakers of The City.

47.     All Defendants in this case qualify as "employers" for purposes of the FLSA 29 U.S.C. §203(d).

48.     Frazier seeks injunctive relief requiring the Defendants to cease and desist their retaliatory behavior.

49.     Frazier is entitled to damages pursuant to 29 U.S.C. §216(b).

## Count IV --Failure to Pay Vacation Pay

51.     Frazier incorporates paragraphs 1 through 29 by reference herein.

52.     Frazier earned vacation time throughout his employment.   When Frazier utilizes his vacation time, The City frequently does not compensate Frazier for his time off work.

53.     The State of Indiana includes vacation pay within the meaning of wages pursuant to I.C. 22-2-4-4.

54.     The City has acted and continues to act in bad faith.

55.     Pursuant to I.C. 22-2-5-2, Frazier is entitled to his lost wages, treble damages and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enters judgment against Defendants, and grants the following relief:

1.      Reimbursement of Plaintiff's lost wages, vacation pay, and other economic damages, in an amount to be determined, plus interest at the statutory rate;

2.      All other damages, including compensatory and emotional damages, and punitive

damages (where appropriate) shown to be causally related to Defendants' conduct which violated

the FLSA and the laws and public policies of the State of Indiana;

3.      Pre-judgment interest;

4.      Attorney's fees and other costs related to this action (where appropriate); and

5.      All other relief available to Plaintiff at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Indiana Rules of Trial Procedure, Frazier demands a trial by

jury in this action.

Respectfully submitted,

**ROTHBERG LOGAN & WARSCO LLP**

By: */s/ Rachel J. Guin*
Rachel J. Guin, Supreme Court No. 31722-02

*/s/ Phillip W. Smith II*
Phillip W. Smith II, Supreme Court No. 35676-53
505 East Washington Blvd.
P.O. Box 11647
Fort Wayne, Indiana 46859-1647
Telephone:  (260) 422-9454
Facsimile:  (260) 422-1622
ATTORNEYS FOR PLAINTIFF